## SARAH FELAND &c. *v.* WALKER ROUTE &c.

**Land—Adverse Holding as Sole Devisee of One as Against Co-devisees of Another—Notice—Limitations.**

Permelia Feland entered on the land in controversy, under the will of her father, Robert Feland, and she and those claiming under her continued thus to hold and claim the land adverse to the devisees of John Feland for more than fifteen years. Held; that such holding and claim would authorize the presumption of notice to her co-devisees, under the will of John Feland, of her manner of holding.

**Appeal and Error—Reversal for Better Preparation of Case.**

Though from the face of the pleadings, the Appellate Court, would affirm a judgment, where injustice might be done thereby, a reversal for a better preparation of the case below, will more properly adjudicate the rights of all parties.

**Partition of Land—Equitable Rule.**

The chancellor should ascertain, through his master, what lands are to be partitioned, how they are and have been occupied and held by the co-parceners and then assign each one the portion held by them in severalty, if any were so held and if either had made sales, the purchaser would be substituted in place of his vendor and allowed to retain that part so purchased if enough remained to equalize the others, if not, the part so sold would be reduced so as to equalize all the co-parceners.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 5, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

This action, transferred to the equity docket, and now an equitable action, brought by appellants to recover from appellee three-fourths of the land described in the petition, was consolidated, and heard with the action of Sarah Feland and others against Goode, and the same plaintiffs against Braxdale—But the facts in this case are very different from those in the two other cases.

It appears from the recitation in the judgment, that the will of Robert Feland, a man of color, and the father of the plaintiffs

below, was read upon the trial of this case, from which it appears that he devised the estate sought to be recovered in this action to Permelia Feland, a plaintiff in the other actions, in the year 1849,— said Permelia being recognized as one of his children, she was entitled to one-fourth of the estate at his death as co-devisee with the plaintiffs under the will of said John Feland, deceased. Still, if Robert, her father, devised said tract of land to Permelia, and she entered under his will, claiming it under said will, and she and those claiming under her continued thus to hold and claim the land adverse to the devisees of John Feland for more than 15 years before the commencement of this suit, such holding and claim would authorize the presumption of notice to her co-devisees of her manner of holding, and would protect her, and her vendees from the claim of appellants.

This doctrine is clearly recognized and settled—in *Farrow's heirs against Edmonson &c., 4 B Mon., 605,* and in *Riggs &c. vs. Dooley &c., 7 W 236.* The only difference being, that the limitation is changed since these adjudications from 20 to 15 years.

But even if that should not be the case and she should take as remainderman with her co-plaintiffs under the will of John Feland, deceased. Permelia has appropriated this particular land as her own, and has sold it, with waranty of title for a valuable consideration. In a suit in equity for partition, what equitable rule would the chancellor adopt? He would ascertain through his master what lands are to be partitioned, how they are, and have been occupied and held by the co-parceners and then assign each one the portions held by them in severalty, if any were so held, and if either had made sales, the purchaser, and purchasers would be substituted in place of his, or their vendor and allowed to retain the part so purchased if enough remained to equalize the others, if not, the part so sold would be reduced so as to equalize all the co-parceners—a principle so obviously just, and so long recognized by courts of justice need not be elaborated, and can not be misunderstood.

It is not alleged in the petition, that Permelia was not entitled to as much land under the will of John Feland as is contained in this tract, and from the large quantity of land therein disposed of, the court might perhaps have assumed that she was entitled to said tract or its value as her separate part, in the absence of proof, or alegation to the contrary, this court perhaps with pro-

priety might have affirmed the judgment of the court below.| But as injustice may be done appellants thereby, and the cause was prepared under a different view of the case, a reversal of the judgment is thought to be required, and an opportunity afforded the parties to make further preparation, in order that the rights involved might be more clearly presented and satisfactorily determined.

Wherefore the judgment is *reversed* and the cause is remanded with directions for further proceedings consistent herewith.

*Dunlap, VanWinkle, Hill, for appellants.*

*James, Durham, for appellees.*